**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                         **CRIMINAL NO. 1:06CR64
(Judge Keeley)**

**BARBARA BLAND,**

      **Defendant.**

**REPORT AND RECOMMENDATION/OPINION REGARDING
DEFENDANT'S PRE-TRIAL MOTION TO EXCLUDE
SPECULATIVE EVIDENCE OF POTENTIAL LOSS**

On August 21, 2006, defendant Barbara Bland ("Bland") filed a "Pre-Trial Motion to Exclude Speculative Evidence of Potential Loss" (DE 15), requesting that the Court exclude for all purposes the estimate of potential loss provided with the plaintiff's second supplemental discovery and inspection declaration. On August 28, 2006, the United States filed its "Response to the Defendant's Motion to Exclude Evidence of Intended Loss" (DE 17). This motion was referred to the undersigned United States Magistrate Judge by Chief United States District Judge Irene M. Keeley on August 23, 2006 (DE 16).

A hearing was scheduled on the matter for September 1, 2006. On August 31, 2006, however, counsel for both parties filed a joint stipulation and agreement that the estimate of loss "will not be offered in the government's case in chief." The stipulation further stated:

> This stipulation does not prevent the government from offering the estimate in rebuttal, if appropriate, or during the sentencing process. There is no agreement

about the admissibility of said estimate if so offered by the government. Counsel for both parties contacted the undersigned United States Magistrate Judge's office and informed the undersigned that in light of the stipulation regarding the use of the estimate at trial, they did not believe a hearing was necessary at this time. The undersigned will therefore consider the Motion as submitted on the briefs, and cancels the hearing scheduled for September 1, 2006.

## Discussion

A five-count indictment was issued against Bland on or about July 12, 2006. Count One charges Bland with knowingly and willfully attempting to obtain by fraud, false statement, and forgery, funds provided, or insured under Title 20, United States Code, Chapter 28, Subchapter IV, in violation of 20 U.S.C. §1097(a). Counts Two through Five charge Bland with knowingly and willfully making and using and causing to be made and used, a false document knowing the same to contain a false, fictitious, and fraudulent material statement, in violation of Title 18, U.S.C. § 1001(a)(3).

On or about August 11, 2006, the United States provided Bland with supplemental discovery, including a document the United States referred to as: "E-mail dated August 8, 2006 from George Blissman to AUSA David Godwin re: Funding Estimate for Arts & Science Cosmetology." The "Subject" of the Email, dated August 8, 2006, is "FW: Funding estimate for Arts & Science Cosmetology." It states:

Hi David:

Attached is the explanation on how the loss amount was calculated.

Fred Wynn is no longer with the Department. I spoke with James Moore, Senior Program Reviewer, Office of Federal Student Aid, Philadelphia, PA. Jim is in agreement with the methodology that Fred used to calculate the loss. Jim believes Fred consulted with him during the process.

Jim is available to answer questions and testify. I have worked with Jim on other cases and he is very knowledgeable and is a great witness for the Government.

I can arrange a conference call to discuss this matter if needed.

Thanks,

George.

The "Original Message" attached to the E-mail is from Fred Wynn to George Blissman, and is dated March 31, 2005. It's "Subject" line reads: "Funding estimate for Arts & Science Cosmetology." It states:

> Per a discussion with Mary, I put together an estimate of potential funding for the above-referenced school (OPE 039033) in the event they became TIV eligible.
>
> I used general directory information on the www.universities.com website as the basis, assuming that funding would be similar to the closest match to the school in terms of program and geography. For example, the Clarksburg Beauty Academy had, according to the site, for the most recent AY for which date were available, 70% of its students receiving Pell, with an average award of $3,000. It also had 57% of its students receiving FFEL, averaging $3,2239.
>
> Using this as a guide, and based on the 25 students Art & Science Cosmetology reported on their eAPP, I estimated as follows:
>
> 70% of 25 students receiving an average Pell of $3,000 = $52,500
> 57% of 25 students receiving an average loan of $2,625 = $37,406
>
> Total = $89,906. NOTE: I used the maximum 1st-year loan amounts instead of the Clarksburg average of $3,239.
>
> This is less scientific that an NSLDS query-based estimate, but I believe it is still in the same ballpark and should be useful in discussions RE potential risk to Federal funds.
>
> I hope this is useful. Let me know if there's anything else you need.
>
> Fred.

Bland asserts that the estimate of potential loss should be excluded pursuant to Rule 403 of

the Federal Rules of Evidence because the probative value, if any, is substantially outweighed by the danger of unfair prejudice. She argues the estimate of potential loss is speculative and further, that no actual loss occurred, and that the evidence should therefore be excluded at trial.[1]

The United States argues that it "does not intend to present the estimate of loss in its case in chief, stating that the amount of loss, either actual or intended, is not an element of the crime and therefore not a necessary part of the government's case." As already noted, the parties have entered into a joint stipulation in which the United States agrees it will not use the evidence in its case in chief. 20 U.S.C. §1097(a) provides, in pertinent part:

> Any person who knowingly and willfully embezzles, misapplies, steals, obtains by fraud, false statement, or forgery, or fails to refund any funds, assets, or property provided or insured under this subchapter and part C of subchapter I of Chapter 24 of title 42 or attempts to so embezzle, misapply, steal, obtain by fraud, false statement or forgery, or fail to refund any funds, assets, or property, shall be fined not more than $20,000 or imprisoned for not more than 5 years, or both, except if the amount so embezzled, misapplied, stolen, obtained by fraud, false, statement, or forgery, or failed to be refunded does not exceed $200, then the fine shall not be more than $5,000 and imprisonment shall not exceed one year, or both.

18 U.S.C. §1001 provides, in pertinent part:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . .
> Makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry . . . shall be fined under this title [and] imprisoned not more than 5 years . . . .

A review of the above statutes indicates the United States is correct that the amount of loss is not an element of the crime charged. In fact, there is no requirement under either statute that there be any loss whatsoever. Because the United States has stipulated that it will not use the estimate in its

---

[1] Bland also argues in a footnote that, there being no actual loss, the evidence is not relevant to any material issue in the case.

case in chief, however, the undersigned United States Magistrate Judge recommends Defendant's Motion to Exclude the Evidence be DENIED AS MOOTED by the parties' stipulated agreement, as to its use in the United States' case in chief only. The undersigned further RECOMMENDS this issue may be reopened depending on further developments at trial.

**Use of the Evidence at Sentencing**

Bland further contends that the evidence of the alleged loss should not be considered at sentencing. "The Sentencing Guidelines directs courts to increase the offense level for defendants convicted of fraud commensurate with the amount of loss involved in the fraud." U.S. v. Miller, 316 F.3d 495 (4th Cir. 2003); U.S.S.G. § 2B1.1. Bland's argument in support of excluding the estimate of loss at sentencing is twofold: 1) there was no "actual loss", and "a defendant's sentence should be enhanced only to the degree that actual loss occurred (Bland's brief at 7) (citing United States v. Dawkins, 202 F.3d 711(4th Cir. 2000) and United States v. Parsons, 109 F.3d 1002 (4th Cir. 1997); and 2) the "amount of loss" must be established by the United States by a preponderance of the evidence" (citing U.S. v. Miller, 316 F.3d 495 (4th Cir. 2003). Bland argues that the estimate of loss "is not supported by any factual data or information relevant to ASIC, and is not a reasonable estimate of any loss actually experienced by the plaintiff." (Bland's brief at 6-7).

The United States' argument is threefold: 1) The Motion is premature as regards sentencing; 2) Sentencing is the province of the sentencing judge, who "has the right to hear any evidence she deems relevant and has the responsibility to determine the probative value of the evidence in sentencing the defendant; and 3) Defendant's motion is based upon an erroneous basis. In support of the first argument, the United States notes:

> Should the defendant be convicted by a jury verdict or a plea of guilty, the district court will order the preparation of a Presentence Report by the probation office. The estimate of loss will be provided to the investigating probation officer at that time.

> In the initial draft of the report, the probation officer will disclose whether he or she believes the intended loss can be supported by the estimate (or by some other method or means). Either party will have an opportunity at that time to present any objections to the use, or failure to use, the estimate of loss.

The United States also argues that Bland's reliance on Dawkins and Parsons is misplaced, in that neither case "addresses the issue . . . whether 'loss' under the Sentencing Guidelines includes intended loss, or merely actual loss . . . ." (citing U.S. v. Miller, supra). The United States relies on Miller as stating the Fourth Circuit has "squarely endorsed the use of intended loss rather than just actual loss," and further "establish[ing] that intended loss, if greater than the actual loss, is the factor to use to determine the defendant's culpability, and that 'the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information."

The undersigned United States Magistrate Judge finds the United States' argument that the motion is premature as regards sentencing persuasive. See U.S. v. Milton, 1996 WL 324401 (W. D. Va. 1996) ("the government responds that the motion is premature because such issues should be left to a post-trial sentencing hearing in the even that Milton is convicted. The court agrees."); U.S. v. Flemmi, 108 F. Supp. 2d 39 (D. Mass. 2000) ("it is at least premature to decide now what evidence may be considered at sentencing"); U.S. v. Barney, 55 F. Supp. 2d 1310 (D. Utah 1999) ("the request for services of a mental health expert for sentencing is premature at this time. Until conviction, it is speculative that a sentencing will occur."); U.S. v. Paredes, 1996 WL 651084 (E.D.N.Y. 1996) ("The issue he raises pertains to sentencing, should he be convicted, and his motion is, therefore, premature.").

The timing of the disclosure of the evidence in the instant case was pursuant to the Court's Scheduling Order. The United States has already stipulated it would not use the evidence in its case

in chief. If Bland is found guilty, she will have the opportunity to object to any evidence the United States intends to present pursuant to sentencing, and/or to present her own evidence regarding amount of loss, if any.

The undersigned United States Magistrate Judge therefore finds the "Motion to Exclude Speculative Evidence of Potential Loss" is premature as regards sentencing issues. The undersigned therefore RECOMMENDS Bland's Motion be DENIED AS PREMATURE without prejudice to reconsideration as regards sentencing, reserving to her the right to raise the issue as further proceedings merit.

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Bland's "Pre-Trial Motion to Exclude Evidence of Potential Loss" [D.E. 14] be **DENIED as MOOT regarding trial issues, and DENIED as PREMATURE regarding sentencing issues**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to

counsel of record.

　　　　Respectfully submitted this　5th day of September, 2006.


　　　　　　　　　　　　　/s *John S. Kaull*


　　　　　　　　　　　　JOHN S. KAULL
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE